IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL BENDER,

                            Plaintiff,

  v.                                             OPINION and ORDER

SAS RETAIL SERVICES, LLC,                      24-cv-174-jdp

                          Defendants.

---

      Michael Bender, proceeding without counsel, alleges several violations of federal law following his resignation from defendant SAS Retail Services, LLC. Because Bender proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Bender's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I may also consider documents that the complaint incorporates by reference. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). I will dismiss the complaint for failure to state a claim, but I will allow Bender to amend the complaint to fix the problems with his claims under Title VII and the Fair Labor Standards Act (FLSA).

ALLEGATIONS OF FACT

      SAS Retail hired Bender as a travel retail merchandiser team lead, promising him to pay him a $1,000 sign-on bonus after 90 days of satisfactory work performance. After three months

of satisfactory work performance, SAS Retail didn't pay Bender the sign-on bonus. Bender's complaints were unsuccessful.

Nearly four months later, Bender complained to human resources about the performance of co-workers, lack of training and support, workplace safety violations, and workplace violence concerns. Bender's complaint was unsuccessful. After Bender filed that complaint, Bender started to receive harder work assignments, and management acted in an unprofessional and unethical manner toward him.

Several weeks later, Bender's supervisor provided false information to law enforcement, which caused Bender to receive a citation. That day, Bender complained to human resources, requesting the supervisor's suspension pending an investigation. Concurrently, Bender "tendered his 30-day resignation with a request for severance." Dkt. 1-3 at 2. Three days later, Bender was informed that he was being suspended indefinitely without pay in connection with that incident. The supervisor was not suspended.

Bender remained on unpaid suspension until October 10, 2023, when he voluntarily resigned. Bender was denied pay or severance for the time he was suspended. An SAS Retail employee later threatened to kill Bender if he saw him again, but Bender's former supervisors would not discuss the matter with Bender.

ANALYSIS

Bender asserts a Title VII claim based on discrimination, hostile work environment, and retaliation, an FLSA claim, and a claim under the Occupational Health and Safety Act (OHSA).

2

**A. Title VII**

    **1. Discrimination and hostile work environment**

As a general rule, state a claim under Title VII based on discrimination or hostile work environment, the plaintiff must allege that he was mistreated based on membership in a protected class, identify the individuals responsible for the mistreatment, and say when the mistreatment occurred. *See Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015); *see also Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018) (Title VII prohibits discrimination based on "race, color, religion, sex, or national origin"). The plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Bender alleges that he was discriminated against and subjected to a hostile work environment, but he doesn't say that this mistreatment was based on his race or another protected class. Nor does Bender identify the individuals responsible for the mistreatment. Bender's broad allegation that certain SAS Retail employees and agents violated his rights "in a collective and premeditated effort" isn't enough to meet this requirement. Dkt. 1 at 2; *see Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("A complaint based on a theory of collective responsibility must be dismissed."). I will not allow Bender to proceed under Title VII based on discrimination or hostile work environment.

    **2. Retaliation**

As a general rule, to state a Title VII retaliation claim, the plaintiff must allege that his employer took adverse action against him because he complained internally, or filed an EEOC charge, about mistreatment. *See Gove v. Sargento Foods, Inc.*, 860 F. App'x 446, 448 (7th Cir. 2021); *Marquardt v. McDonough*, No. 21-cv-393-wmc, 2023 WL 2163073, at *2 (W.D.

Wis. Feb. 22, 2023). The complaint of mistreatment must relate to a class that Title VII protects, such as race or sex. *Giese v. City of Kankakee*, 71 F.4th 582, 591 (7th Cir. 2023).

Bender alleges that SAS Retail mistreated him after he complained internally about mistreatment, but he doesn't say that the mistreatment related to a protected class. I will not allow Bender to proceed on a Title VII retaliation claim.

**B. FLSA**

The FLSA requires employers to pay their employees: (1) a minimum hourly wage; and (2) one-half times the employees' regular hourly rate for hours worked above forty hours per week. *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1); *Reilly v. Century Fence Co.*, 527 F. Supp. 3d 1003, 1006 (W.D. Wis. 2021).

Bender alleges that SAS Retail didn't pay him an earned bonus, but he hasn't alleged that SAS retail didn't pay him minimum wage for the hours he worked. *Cf. Morgan v. Crush City Constr., LLC*, No. 19-cv-27-wmc, 2020 WL 42717, at *4 n.3 (W.D. Wis. Jan. 3, 2020) ("[A]n employer's failure to pay its employee at his regular rate of pay for compensable hours worked within forty does not violate the FLSA *unless* such failure results in payment below the minimum wage. (emphasis in original)). Nor has Bender alleged that he worked more than 40 hours a week, much less that SAS Retail didn't pay him time and a half for that overtime work. *See Blakes v. Ill. Bell Tel. Co.*, 75 F. Supp. 3d 792, 806 (N.D. Ill. 2014) (to state an FLSA claim for unpaid overtime, the plaintiff must allege that he worked overtime without compensation). Bender also alleges that SAS Retail didn't pay him for the time that he was on unpaid suspension, but that allegation doesn't suggest an FLSA violation. I will not allow Bender to proceed on an FLSA claim.

4

## C.  OHSA

I will not allow Bender to proceed on an OHSA claim because the Act "does not provide individual employees with any express or implied right of action." *Hoeft v. Dommisse*, 352 F. App'x 77, 80 (7th Cir. 2009).

## D.  False information to law enforcement and employee death threats

Bender alleges that his supervisor provided false information to law enforcement, which caused him to receive a citation. Bender also alleges that an SAS Retail employee threatened to kill him, and that Bender's former supervisors refused to discuss that matter with him. I will not allow Bender to proceed on these allegations because they don't suggest a violation of federal law.

## CONCLUSION

I will allow Bender to file an amended complaint that fixes the problems with his Title VII and FLSA claims. In drafting the amended complaint, Bender should:

- Carefully consider whether Bender is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his federal rights.

- Bender must take care to allege what each defendant did, or failed to do, to violate his rights.

- Avoid referring to several defendants together. For instance, if more than one individual or entity has taken a particular action that Bender believes supports a claim, he should identify each individual or entity who took that action.

- Identify by full name all the individuals or entities he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Bender's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until July 8, 2024, to submit an amended complaint that fixes the problems with his Title VII and FLSA claims.

3. Plaintiff must file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. If plaintiff fails to comply with this order, I may dismiss this case.

5. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed for failure to prosecute.

6. The clerk of court is directed to send plaintiff copies of this order and the court's nonprisoner complaint form.

Entered June 5, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge